**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

**Case No.: ____________________**

**CHRISTINA WHITWORTH,**

Plaintiff,

v.

**LFI FORT PIERCE, INC., d/b/a LABOR FINDERS,**

Defendant.

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christina Whitworth, by and through her undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, LFI Fort Pierce, Inc. d/b/a Labor Finders (hereinafter referred to as "LFI" or "Defendant") and states:

## JURISDICTION & VENUE

1. Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Defendant has its principal place of business at 1617 N. Federal Highway, P.O. Box 1380, Lake Worth, Florida 33460 which is in Palm Beach County, Florida, located within the Southern

District of Florida.

**PARTIES and FLSA COVERAGE**

4. At all times material hereto, Plaintiff was Defendant's employee who resided in Petal, Mississippi.

5. At all times material hereto, Defendant LFI was, and continues to be a Florida Profit Corporation that engaged in business in Florida, with its principle place of business located at 1617 N Federal Hwy, Lake Worth, Florida 33460.

6. At all times material hereto, Defendant employed Plaintiff.

7. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods and services," in that its employees provide goods and services within the meaning of the FLSA.

10. The annual gross revenue of Defendant was in excess of $500,000.00 per annum for all relevant time periods.

11. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of the fact that her regular duties included servicing Defendant's out-of-state customers.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

13. At all times throughout the duration of her employment, Plaintiff worked at Defendant's location at 1950 Lincoln Road, Hattiesburg, Mississippi.

14. Defendant hired Plaintiff to work as a non-exempt Administrative Assistant in approximately August 2014.

15. In approximately May 2016, Plaintiff was promoted to non-exempt Assistant Manager.

16. Plaintiff worked for Defendant in her capacity as an Assistant Manager until approximately September 11, 2020.

17. Throughout the relevant time period, Defendant compensated Plaintiff $500.00 per week, plus 1% of the gross revenues generated by Defendant's Hattiesburg, Mississippi location.

18. However, Plaintiff was not properly compensated for all of the hours that she worked from at least April 2020 through September 2020.

19. Instead, Defendant systematically paid Plaintiff for substantially fewer hours than she actually worked each work week.

20. Plaintiff generally worked from 5:00 a.m. to 6:00 p.m., Monday through Saturday, with no break for lunch—or approximately 91 hours per week.

21. However, from at least April 2020 through September 2020, Defendant required Plaintiff to record significantly less hours than she actually worked each week.

22. Specifically, from at least April 2020 through September 2020, Defendant generally did not permit Plaintiff to record more than 40 or 42 hours each work week.

23. In turn, from at least April 2020 through September 2020, Defendant did not pay

Plaintiff for more than 40 or 42 hours each week until she complained to Steve Ridout, LFI's Regional Manager.

24. Once Plaintiff complained, she was permitted to record more hours of work each week.

25. However, the hours that Plaintiff was permitted to record remained significantly less than the actual hours that Plaintiff actually worked each week.

26. Defendant's practice resulted in Plaintiff working countless off-the-clock hours each work week.

27. Most of the work hours that Plaintiff was not compensated for each work week were overtime hours (*i.e.*—hours over forty in a single workweek).

28. From at least April 2020 through September 2020 Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours that she worked in excess of forty (40) hours in a single workweek.

29. Plaintiff should have been, and should be, compensated at the rate that is one and one-half times her regular rate for the hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

30. From at least April 2020 through September 2020, Defendant's practice of refusing to compensate Plaintiff for all of the hours that she worked resulted in Plaintiff being compensated at a rate less than the applicable minimum wage for all hours worked in a workweek.

31. Plaintiff should have been, and should be compensated, at least the applicable minimum wage for all hours that she worked each week, plus proper overtime compensation for the hours that she worked over forty in a single work week.

32. Despite of Plaintiff's complaints to Defendant's management with regard to the off-the-clock work that she was not properly compensated for, nothing was done to remedy the FLSA violations that Plaintiff complained of.

33. Defendant has violated Title 29 U.S.C. §§ 206 and 207 in that:

a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during her employment with Defendants;

b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant as provided by the FLSA;

c. Defendant failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA;

d. Defendant has failed to maintain proper time records as mandated by the FLSA;

e. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

34. Plaintiff realleges and reincorporates paragraphs 1 through 33 as if fully set forth herein.

35. Throughout the duration of Plaintiff's employment with Defendant, Plaintiff

worked in excess of forty (40) hours in most, is not all, workweeks.

36. From at least April 2020 through September 2020, Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours each workweek.

37. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant.

38. From at least April 2020 through September 2020, Defendant failed to maintain proper time records as mandated by the FLSA.

39. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendant.

40. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

43. Plaintiff demands trial by jury.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 206**
**MINIMUM WAGE COMPENSATION**

44. Plaintiff realleges and reincorporates paragraphs 1 through 33 as if fully set forth herein.

45. Plaintiff is entitled to be paid minimum wage for all hours that she worked each week during her employment with Defendant.

46. From at least April 2020 through September 2020, Defendant failed to pay Plaintiff minimum wage for all hours that she worked.

47. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for same.

48. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage during one or more weeks of employment with Defendant.

49. Defendant, through its managers, had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

50. Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

51. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek while

employed by Defendant;

b. Awarding Plaintiff minimum wage compensation in the amount due to her for workweeks Plaintiff worked for Defendant but was not compensated a rate equivalent to the applicable minimum wage;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime and/or minimum wage award;

d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

e. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

f. Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 5th day of November, 2020.

Respectfully Submitted,

***/s/ Chanelle J. Ventura***
Chanelle J. Ventura, Esquire
Florida Bar No.: 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: CVentura@forthepeople.com

*Trial Counsel for Plaintiff*