UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-82034-Smith/Matthewman

CHRISTINA WHITWORTH,

    Plaintiff,
vs.

LFI FORT PIERCE, INC., d/b/a
LABOR FINDERS,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT, FOR *IN CAMERA* REVIEW,
AND DISMISS ACTION WITH PREJUDICE**

Plaintiff and Defendant, by and through their respective undersigned counsel, hereby jointly move for approval of their FLSA settlement, for *in camera* review of settlement agreement, and for the dismissal with prejudice of this action, and state as follows:

1.    On November 5, 2020, Plaintiff filed her Complaint and Demand for Jury Trial. *See* D.E. 1. In her complaint, Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by failing to pay her alleged unpaid overtime and minimum wage compensation.

2.    Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims.

3.    The parties have engaged in meaningful negotiations through counsel and have reached a settlement of this matter. A copy of the parties' settlement agreement will be sent to the Court for *in camera* review.

4.    Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled with the approval of the

district court (or under the supervision of the U.S. Department of Labor). In *Lynn's Food Stores*, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Id.* at 1354. Accordingly, the Eleventh Circuit reasoned that, when the parties are represented by counsel, it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

5. Based on Plaintiff's recollection of her hours worked and the documents provided by Defendant in response to Plaintiff's statement of claim and pursuant to the Court's Notice of Court Practice (D.E. 7), Plaintiff will be recovering 100% of her maximum possible recovery at trial, including liquidated damages.[1] Additionally, because this matter involves allegations regarding unpaid wages for undocumented, off-the-clock work hours, a jury could choose not to credit Plaintiff's recollection of her hours worked and award Plaintiff with less that the amount of settlement, assuming Plaintiff were to prevail at trial.

6. Confidentiality of the settlement agreement was a material term of the agreement. The Parties agreed that the settlement agreement will remain confidential. The Parties agreed that

---

[1] Once Plaintiff received her pay records from the Defendant that indicated the amount that she received in commission during each work week, Plaintiff was able to recalculate her alleged damages based on a more accurate regular rate of pay. When Plaintiff's alleged damages were recalculated to account for commission in her regular rate of pay, Plaintiff believed that she is owed less than originally stated in her statement of claim. Based on Plaintiff's recalculation of damages, Plaintiff will be receiving 100% of her alleged damages under the terms of the settlement.

1036784\307742924.v1

the settlement is contingent on an in camera review of the agreement by the Court to protect the confidentiality of the Agreement. There are cases in the Southern District of Florida in which judges have approved FLSA settlements after *in camera* review. *See*, *e.g.*, *Bustamante v. 3101 Corporation*, Case No. 15-cv-22760-Scola, D.E. 38 (S.D. Fla. 2016) (permitting parties to submit FLSA settlement agreement for *in camera* review); *J.M. v. Chipotle Mexican Grill, Inc.*, 2017 U.S. Dist. LEXIS 197014 (S.D. Fla. 2017) (approving FLSA settlement after *in camera* review); *Chavarria v. Clements*, 2017 U.S. Dist. LEXIS 123436 (S.D. Fla. 2017) (same); *Aquino v. Oliver Exterminating Corp.*, 2017 U.S. Dist. LEXIS 115096 (S.D. Fla. 2017) (same); *Singh v. H&R Block Eastern Enterprises*, Case No. 1:11-cv20954-Scola, D.E. 35 (S.D. Fla. 2012) (order granting motion requesting *in camera* review of FLSA settlement agreement).

7.  The confidentiality provision is supported by separate consideration. Courts within the Eleventh Circuit routinely approve FLSA settlement agreements containing confidentiality provisions when those provisions are supported by separate consideration. *Smith v. Aramark Corp.*, 2014 U.S. Dist. LEXIS 155743, *8 (M.D. Fla. Oct. 30, 2014), *approv. by* 2014 U.S. Dist. LEXIS 155744 (M.D. Fla. Nov. 4, 2014); *Caamal v. Shelter Mortgage Co.*, 2013 U.S. Dist. LEXIS 138341, *10–12 (M.D. Fla. Sept. 5, 2013) *approv. by* 2013 U.S. Dist. LEXIS 138342 (M.D. Fla. Sept. 26, 2013); *Ramos v. Acute Patient Care, Inc.*, 2017 U.S. Dist. LEXIS 57578, at *12–14 (M.D. Fla. Apr. 6, 2017), *approv. by* 2017 U.S. Dist. LEXIS 57396 (M.D. Fla. Apr. 14, 2017). Moreover, the confidentiality provision is mutual which does not empower Defendant to retaliate against Plaintiff for exercising her rights under the FLSA.

8.  Moreover, the Settlement Agreement contains a mutual general release that is supported by separate consideration. Courts within the Eleventh Circuit routinely approve FLSA settlement agreements containing general releases when those provisions are supported by separate consideration. *Ramos,* 2017 U.S. Dist. LEXIS 57578, *12–14 (M.D. Fla. Apr. 6, 2017), *appr. by* 2017 U.S. Dist. LEXIS 57396 (M.D. Fla. Apr. 14, 2017); *Weldon v. Backwoods*

*Steakhouse, Inc.*, 2014 U.S. Dist. LEXIS 123286, *2 (M.D. Fla. Sept. 4, 2014); *Caseres v. Texas de Brazil (Orlando) Corp.*, 2014 U.S. Dist. LEXIS 191784, *6–7 (M.D. Fla. Apr. 2, 2014), *approv. by* 2014 U.S. Dist. LEXIS 191781 (M.D. Fla. Apr. 10, 2014).

9. Plaintiff and Defendant are each represented by experienced counsel who are extremely well-versed in FLSA litigation. The parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length resolution of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

10. The settlement agreement's terms reflect the parties' recognition of the risks and costs of further litigation.

11. With regard to attorney's fees and costs incurred upon litigating this case on Plaintiff's behalf, "[t]he FLSA provides that the Court 'shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1296 (S.D. Fla. 2008), *quoting* 29 U.S.C. § 216(b). "The starting point in any reasonable fee determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." *Id.* "In determining the reasonable number of hours expended on the litigation, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Id.* quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). "In determining the reasonable hourly rate, the Court looks for the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services." *Id.*

Attached to this Motion as Exhibit "A" are the Declaration of Chanelle Ventura, Plaintiff's Counsel, an itemized time report, and itemized list of costs. The declaration contains

4

certification that Plaintiff's Counsel has fully reviewed the time records that are attached to her Declaration, which are the supporting data for the Declaration, and that the hours claimed are well grounded in fact and justified. The Declaration and exhibits attached thereto confirm the total hours in litigating this case to the date that this Motion was drafted. Here, Plaintiff's counsel has expended 24.00 hours litigating this case on behalf of the Plaintiff and has incurred $510.50 in costs. *See* Declaration of Chanelle Ventura and the Exhibits attached thereto.

With respect to customary fees, Chanelle Ventura typically bills anywhere between $250 per hour to $300 per hour on FLSA matters, depending on the market in which a case is pending. *See* Ventura Dec. ¶ 12. When an attorney's requested rate is the customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 328 (5th Cir. 1995*)*. In recent decisions within this Circuit, other courts have held that a reasonable hourly rate for Chanelle Ventura and other attorneys with the skill and experience of attorneys such as Chanelle Ventura should recover a reasonable hourly rate of $275 per hour. *See, e.g., Cordy v Ira L. Grossman DVM, PLC et al,* Case No. 20-81580-CIV-CANNON, D.E. 19 (S.D. Fla. Feb. 2, 2021); *Yasmin v. Triple T II, Inc*., 2020 WL 418874, at *5 (M.D. Fla. Jan. 27, 2020) (finding a $275 hourly rate for an attorney of similar skill and experience to that of attorney Ventura to be reasonable); *Davis v. D&G Erectors Corp*., 2019 WL 3383547, at *4 (M.D. Fla. May 29, 2019) (same). Consistent with these decisions, Plaintiff respectfully submits that Chanelle Ventura's reasonable hourly rate is at least $275.00 per hour. Defendants do not object to the reasonableness of the hours expended by Plaintiff's counsel, nor do they object to her hourly rate. Indeed, Defendants agree that same are reasonable under the circumstances.

Notwithstanding the above, the attorney's fees and costs that Plaintiff's counsel will be receiving pursuant to the settlement agreement were negotiated separately and apart from the amount that Plaintiff is recovering. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (holding where "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Here, the amount that Plaintiff is recovering in the settlement was agreed upon separate and apart from the amount of attorney's fees incurred.

12. In order to avoid the risks and costs of litigation, the parties agree that resolving this litigation in accordance with their revised settlement agreement makes sense for all concerned.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order (a) approving the parties' settlement; (b) for *in camera* review of the settlement agreement; (c) dismissing this action with prejudice; and (d) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

1036784\307742924.v1

Respectfully submitted this 19th day of March, 2021.

| | |
|---|---|
| ***/s/Chanelle J. Ventura*** | ***/s/ Andrew M. Gordon*** |
| Chanelle J. Ventura, Esq. | Andrew M. Gordon |
| Fla. Bar No. 1002876 | Florida Bar No. 68886 |
| Email: CVentura@forthepeople.com | agordon@hinshawlaw.com |
| Morgan & Morgan, P.A. | Daniel Eric Gonzalez |
| 8151 Peters Rd., Suite 4000 | Florida Bar No. 118696 |
| Plantation, FL 33324 | dgonzalez@hinshawlaw.com |
| Tel.: (954) 318-0268 | HINSHAW & CULBERTSON LLP |
| Fax.: (954) 333-3515 | One East Broward Boulevard |
| *Counsel for Plaintiff* | Suite 1010 |
| | Ft. Lauderdale, FL 33301 |
| | Telephone: 954-467-7900 |
| | Facsimile: 954-467-1024 |
| | Secondary: dgonzalez@hinshawlaw.com |
| | *Attorneys for Defendants* |

1036784\307742924.v1